## Schnuck v. Schnuck.

(Decided February 24, 1915.)

### Appeal from McCracken Circuit Court.

1. Divorce—Cruel and Inhuman Treatment—Evidence.—Evidence held to sustain an action for divorce by the wife on the ground of cruel and inhuman treatment, and to entitle her to the custody of the five infant children.

2. Divorce—Alimony.—Where a wife was entitled to a divorce and the custody of five infant children, held that on a return of the case if it appeared that the home place, the title to which is in plaintiff, was paid for by defendant, the chancellor should restore the title to defendant, giving plaintiff and her children the right to occupy the premises, and also allow her additional alimony in the sum of $50 a month.

EATON & BOYD for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Elizabeth Schnuck, brought this action against her husband, Henry H. Schnuck, for divorce and alimony, and for the custody of their five infant children. The grounds on which she sought a divorce were: (1) that the defendant had, for more than six months last .past, behaved towards her in such a cruel and inhuman manner as to indicate in him a settled aversion to her, and to destroy permanently her peace and happiness; (2) such cruel beating and injury by the defendant as

indicated in him an outrageous temper and probable danger to her life should she continue to live with him. Defendant filed an answer and counter-claim, denying the allegations of the petition, and asking a divorce from plaintiff on the ground that she had been guilty of adultery, or of such lewd and lascivious behavior as proved her to be unchaste. The chancellor refused to grant a divorce to either party. Plaintiff appeals.

Plaintiff and defendant were married in Cincinnati, Ohio, about 23 years ago. Soon after their marriage they came to Paducah, and have lived there ever since. Twelve children were born of the marriage. Only six are now living. The oldest child, a daughter, is now 21 years old. The youngest child is six years old. The three older children are daughters, and the three younger ones are boys. The evidence shows that both plaintiff and defendant were frugal and industrious. For a number of years he has been in the employ of a large lumber mill, and has received a salary of $100 a month. By their thrift and frugality they have acquired a small home, the title to which is now in plaintiff.

We deem it unnecessary to set out in detail the numerous occasions on which it is claimed that defendant was guilty of cruel and inhuman treatment towards his wife. She and her three daughters, whose ages are 21, 18 and 15, testify, in substance, that for the last two or three years the defendant had been habitually cruel and abusive and unkind to his wife. It was no unusual thing for him to curse and abuse his wife. On several occasions he assaulted her with his fists, and also kicked her, and it was necessary for his daughters to interfere to prevent plaintiff from being injured. From the effect of his cruelty and abuse plaintiff frequently became sick. Finally she left defendant's home and went to the home of a friend. There she had a nervous break-down as a result of his cruelties. On the other hand, the defendant testified that he had never cursed, abused or struck his wife, and his eleven-year-old son says that he never saw his father whip his mother. There is also evidence to the effect that a gentleman who accompanied defendant to his home on one of the occasions when it is claimed that he struck him wife, saw defendant go into the house for a minute, and he had no opportunity to abuse his wife. There is also evidence to the effect that on one occasion when it is claimed that defendant drew a pistol

on his wife certain persons who passed by did not see anything of that kind take place. In support of his counter-claim defendant introduced a number of witnesses who testified to having seen plaintiff and a Mr. Jones frequently together, either on the street car or at church. They were also shown to have ridden from a church meeting together in a buggy. Some of the witnesses intimated that they showed a pronounced interest in each other. For plaintiff, however, it was shown that she was chairman of the subscription committee of the church and Mr. Jones was treasurer. They frequently had conversations with reference to church matters. The only interest which they took in each other was that growing out of the church relation which they bore to each other.

We have carefully read the entire record, and we fail to find any direct evidence or any facts or circumstances from which it could be fairly inferred that plaintiff was ever guilty of adultery or any lewd or lascivious conduct, or any behavior that indicated in the remotest degree that she was unchaste. It follows that the chancellor properly denied defendant a divorce.

We are not, however, disposed to agree with the chancellor that plaintiff failed to make out a case. To do so we must disregard entirely, not only the plaintiff's evidence, but the evidence of her three daughters. That they would naturally sympathize with their mother under the circumstances should be expected, but it is hardly probable that their mother's influence is so dominant as to cause them to swear falsely as to the conduct of their own father. Considering the defendant's conduct in the light of their testimony and in the light of his attempt, without reasonable grounds therefor, to fasten upon his wife the charge of adultery, we conclude that plaintiff is entitled to a divorce. Grow v. Grow, 134 Ky., 816; Rodgers v. Rodgers, 13 Ky. L. R., 526; McClintock v. McClintock, 147 Ky., 409.

We further conclude that it is to the interest of the infant children that plaintiff should be awarded their custody. At the same time the court will enter an order giving to the defendant the right to see and be with his children on such occasions as the court may deem reasonable and proper under the circumstances. If, upon a return of the case, it should be made to appear that defendant furnished the money to pay for the home, the

title to which is now in plaintiff, and that the property was conveyed to her in consideration of their marriage, he will restore the title to defendant. At the same time he will give to plaintiff and her children the right to occupy the premises. In addition to this item of alimony, he will allow plaintiff, for the use of herself and infant children, the sum of $50 a month. The court may, of course, modify this order whenever the changed condition of the parties makes it necessary. He will further adjudge that the defendant pay the costs of the action, including a reasonable fee for plaintiff's attorneys.

Judgment reversed and cause remanded for proceedings consistent with this opinion.